**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **GENEE L. HALTON-HURT,** § | |
| **BURNICE WRIGHT, MARCUS** § | |
| **WATKINS and SHASITY** § | |
| **DAVIDSON, Individually and On** § | |
| **Behalf of All Others Similarly Situated,** § | |
| § | **CIVIL ACTION NO. 3:09-cv-02171-N** |
| *Plaintiff,* § | |
| § | |
| vs. § | **Request for Jury Trial** |
| § | |
| **THE TJX COMPANIES, INC. d/b/a** § | |
| **T.J. MAXX,** § | |
| § | |
| *Defendant.* § | |

**FIRST AMENDED COMPLAINT**

TO THE HONORABLE COURT:

NOW COMES Plaintiffs, Genee L. Halton-Hurt ("Hurt"), Burnice Wright ("Wright"), Marcus Watkins ("Watkins") and Shasity Davidson ("Davidson"), and on their own behalf and on behalf of other similarly situated persons (collectively "Plaintiffs"), who for their complaint state as follows:

**I. PRELIMINARY STATEMENT**

1. The TJX Companies, Inc. d/b/a T.J. Maxx (referred to herein as "TJX" and/or Defendant) requires, suffers, and/or permits nonexempt employees to work in excess of forty (40) hours per week at its facilities, but refuses to compensate its employees for such hours.

2. TJX's conduct is in violation of the Fair Labor Standards Act (FLSA), which requires nonexempt employees to be compensated for their wages and overtime work. *See* 29 U.S.C. § 201, *et seq*.

3. Plaintiffs are nonexempt former and current employees who have been denied regular and overtime pay as required by law, and file this collective action to recover unpaid wages and overtime compensation owed to them individually and on behalf of all other similarly situated employees, current and former, of TJX.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §216(b) and 28 U.S.C. §1331.

5. Venue is proper in the Northern District of Texas under 28 U.S.C. §1391(b)(2), because a substantial portion of the events forming the basis of the suit occurred in this District.

6. TJX maintains numerous locations throughout the State of Texas. Among those locations are several that are or were located in Dallas County, Texas during the relevant time period.

## III. THE PARTIES

7. Genee L. Halton-Hurt is an individual and resident of Dallas County, Texas.

8. Burnice Wright is an individual and resident of Tarrant County, Texas.

9. Marcus Watkins is an individual and resident of Tarrant County, Texas.

10. Shasity Davidson is an individual and resident of Dallas County, Texas.

11. Plaintiffs were all employed by Defendant within the meaning of the FLSA within the three (3) year period preceding the filing of this complaint. At all times hereinafter mentioned, they were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207. Their written consents were filed with the Court in prior filings and are being incorporated here by reference.

12. Other persons, similarly situated to the above Plaintiffs, are/were nonexempt TJX employees working in, at the very least, the district which contains the stores at which Plaintiffs were employed and who worked from at least 2006 to the present. Each such other similarly situated persons who participate as a plaintiff in this lawsuit will execute and file a Notice of Consent form.

13. Defendant The TJX Companies, Inc. d/b/a T.J. Maxx is a Delaware Corporation that transacts business in this District and the State of Texas, providing retail services to the public. TJX acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs and other hourly paid employees and/or other misclassified, non-exempt employees. TJX is engaged in commerce or the production of goods for commerce within the meaning of the FLSA and is obligated to pay its employees in accordance with the FLSA. Defendant can be served with process by serving its registered agent, The Corporation Trust Company at Corporation Trust Center, 1209 Orange Street, Wilmington, DE  19801.

## IV. FACTS

14. At all material times, TJX has been an employer within the meaning of §3(d) of the FLSA.  29 U.S.C. § 203(d).

15. At all material times, TJX has been an enterprise within the meaning of §3(r) of the FLSA.  29 U.S.C. § 203(r).  Defendant, through unified operation or common control, engaged in the performance of related activities for a common business purpose.

16. At all times hereinafter mentioned, TJX has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(B) of the Act, 29 U.S.C. § 203(s)(1)(B), in that it has employees engaged in commerce or in the production of goods

for commerce or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that it has been and is engaged in the operation of an institution primarily engaged in providing retail sales to the public in discount apparel and home furnishings.

17. TJX is a large retailer of discount apparel and home furnishings with its corporate office located in Framingham, MA and stores located throughout the United States, Canada and Europe. TJX has numerous stores located in the State of Texas, including several stores located in Dallas County, Texas. As part of its operations, TJX employs coordinators, key carriers, cashiers and other nonprofessional positions involving the retail sales of discount apparel and home furnishings to the public.

18. TJX, through its supervisory employees, has failed to pay nonexempt employees overtime wages. Plaintiffs are aware that TJX's management would assign Plaintiffs and other similarly situated employees to a set schedule of hours for each calendar week. If those employees worked over this set amount of hours, management frequently required them to work "off the clock" or use their vacation or sick time to cover the time worked over their set hours. This "off the clock" work practice was known and permitted by, at the very least at this time, store management and by the district manager for the district in which Plaintiffs worked. Not only did these employees not receive their regular wages up to forty (40) hours, but they frequently worked over forty (40) hours a week and were not compensated at the FLSA mandated time and a half pay rate for time worked in excess of forty (40) hours.

19. Plaintiffs have actual knowledge that other similarly situated plaintiffs have also been denied wages and/or overtime pay for time worked over forty (40) hours in a week. Plaintiffs

believe these practices extended beyond the stores in which they worked and extended to, at least, the district in which Plaintiffs were employed.

20. The Plaintiffs perform or have performed the same or similar work in the provision of products and services to clients.

21. In addition, Plaintiffs regularly perform "off the clock" work over their set amount of hours for the week and regularly work or have worked in excess of forty (40) hours during a workweek. As such, the Plaintiffs are similar in terms of work similarities, pay structures and the denial of proper compensation.

22. TJX's failure to pay regular wages and overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Plaintiffs.

23. Plaintiffs' experience is typical of the experience of the other similarly situated Plaintiffs.

24. The specific job titles or precise job responsibilities of each of the Plaintiffs do not prevent collective treatment as these nonexempt employees are not paid in accordance with the FLSA.

25. All Plaintiffs, irrespective of their particular job requirements, are entitled to wages and overtime compensation for regular hours worked and hours worked in excess of forty (40) during a workweek.

26. Although the issue of damages may be individual in character, there remains a common nucleus of liability facts.

27. As such, the group of similarly situated individuals is defined to encompass at least the following group of individuals employed within three years prior to the filing of this suit:

> TJX's employees working in positions including, but not limited to coordinators, key carriers, cashiers and other nonexempt retail store positions involving the sales of discount apparel and home furnishings to the public and who worked in the same corporate district in which the Plaintiffs work(ed).

## V.  CAUSES OF ACTION

28. TJX's practice of failing to pay Plaintiffs and other similarly situated nonexempt employees for all hours worked violates the FLSA. 29 U.S.C. § 207(a). TJX has engaged in a pattern or practice of knowing, willful and reckless disregard of FLSA regulations (as alleged herein) in that TJX has failed to pay Plaintiffs their legal wages and overtime compensation. TJX's failure to pay regular wages and overtime pay to Plaintiffs in accordance with FLSA regulations was neither reasonable, nor in good faith. Plaintiffs are entitled to recover their unpaid regular wages and overtime compensation. Plaintiffs are entitled to an amount equal to all their unpaid regular and overtime wages as liquidated damages. 29 U.S.C. § 216(b). Additionally, Plaintiffs are entitled to recover attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b). Plaintiffs' damages exceed the minimum jurisdictional limits of the Court.

## VI.  JURY DEMAND

29. Plaintiffs request a jury trial.

## VII.  PRAYER

WHEREFORE, Plaintiffs pray that this Honorable Court will enter judgment against Defendant and in favor of Plaintiffs and others similarly situated, for the compensation for all unpaid overtime wages that Defendant has failed and refused to pay in violation of the FLSA; find that Defendant's violations of the FLSA were willful; enter judgment for Plaintiffs Hurt, Wright, Watkins and Davidson and others similarly situated and against Defendant for liquidated damages as allowed under the FLSA; order Defendant to pay Plaintiffs and others similarly situated reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; order Defendant to pay Plaintiffs and others similarly situated, to the extent permitted by law, pre-judgment and post-judgment interest at the highest rates allowed by law; and grant Plaintiffs and others similarly situated any such other relief as to which they may be entitled.

Respectfully submitted,

s/ Joel T. Gomez
**JOEL T. GOMEZ**
Texas State Bar No. 00784142
**THE GOMEZ LAW GROUP, PLLC**
14135 Midway Road, Suite 250
Addison, TX  75001
Phone: (214) 389-0998
Facsimile: (214) 389-0986
tgomez@gomezlawyers.com

s/ J. Derek Braziel
**J. DEREK BRAZIEL**
Texas Bar No. 00793380
**MEREDITH MATHEWS**
Texas Bar No. 24055180
**LEE & BRAZIEL, LLP**
1801 N. Lamar St., Suite 325
Dallas, Texas 75202
Phone: 214.749.1400
Fax:    214.749.1010

**COUNSELS FOR PLAINTIFFS**