IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GENEE L. HALTON-HURT, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:09-CV-2171-N |
| | § | |
| THE TJX COMPANIES, INC., d/b/a | § | |
| T.J. MAXX, | § | |
| | § | |
| Defendant. | § | |

# **ORDER**

This Order addresses Plaintiffs' motions for protective order and to amend schedule and Defendant's motions to strike Plaintiffs' incomplete discovery responses and to compel sufficient discovery responses. For the reasons that follow, the Court grants Plaintiffs' motions and denies Defendant's motion.

Plaintiffs are current and former employees of Defendant TJX's T.J. Maxx clothing stores. They allege that Defendant routinely denied them and similarly situated others overtime pay. The Court conditionally certified Plaintiffs' class on March 16, 2011 and instituted a ninety day discovery period on certification issues [32]. During the discovery period, the parties disagreed as to whether representative or individualized discovery was appropriate. Defendant served individualized discovery on ninety-three opt-in plaintiffs, and Plaintiffs responded to each request with objections. Defendant then moved to strike Plaintiffs' objections and compel individualized discovery. In response, Plaintiffs moved for a protective order requesting the Court to limit the scope of discovery to representative

ORDER – PAGE 1

discovery based on twenty percent of the purported class. After the close of the discovery period, Defendant moved for decertification arguing that although discovery was stifled, the Court had enough evidence before it to decide the decertification issue. Plaintiffs responded to Defendant's arguments by relying on their own declarations. Plaintiffs also moved to amend the schedule to allow for additional discovery, requesting that the Court hold the motion to decertify in abeyance until the close of the additional discovery period. Defendant then moved to strike declarations attached to Plaintiffs' response to the motion to decertify.

Numerous courts have held that individualized discovery is inappropriate in collective action suits. *See, e.g.*, *Nelson v. Am. Standard, Inc.*, 2009 WL 4730166, at *3 (E.D. Tex. 2009) (collecting cases); *Smith v. Lowe's Home Ctrs., Inc.*, 236 F.R.D. 354, 357-58 (S.D. Ohio 2006); *McGrath v. City of Phila.*, 1994 WL 45162, at *2-*3 (E.D. Pa. 1994). Individualized discovery undermines the purpose of proceeding as a collective action. *See Smith*, 236 F.R.D. at 357. On the other hand, "limiting discovery to a statistically significant representative sampling, . . . will both reasonably minimize the otherwise extraordinary burden imposed on the [P]laintiffs and their counsel and yet afford the [D]efendant a reasonable opportunity to explore, discover[,] and establish an evidentiary basis for its defenses." *Id.* at 357-58. Additionally, ordering representative discovery does not violate Defendant's due process rights.[1] *See Nelson*, 2009 WL 4730166, at *3 (holding same).

---

[1] Indeed, Defendant requested that the Court rule on its motion for decertification on the current scant evidentiary record.

Accordingly, the Court grants the Plaintiffs' protective order [44] and denies Defendant's motions to strike and compel [40].

The Court also grants the Plaintiffs' motion to amend schedule [51] to permit additional discovery, on a representative basis consisting of twenty percent (20%) of the class, for eight (8) months from the date of this Order. Absent extenuating circumstances, the Court will not extend the time for discovery past the eight-month mark. Additionally, the Court holds Defendants' motion to decertify [47] and motion to strike [61] in abeyance during the new discovery period. Defendant may file a supplemental brief and appendix to its motion to decertify within twenty-one (21) days after the expiration of the discovery period. Plaintiffs may file a supplemental response and appendix to Defendant's supplemental brief within fourteen (14) days after the date Defendant files its brief, and Defendant may file a supplemental reply within seven (7) days after the date Plaintiffs file their response.

Signed April 4, 2012.

_____
David C. Godbey
United States District Judge

ORDER – PAGE 3